IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEROME A. PINTARO, | ) |
| | ) |
| Plaintiff, | ) No. 1:23-cv-02008 |
| | ) |
| v. | ) Judge John J. Tharp, Jr. |
| | ) |
| GERALD GRANADA; CATHERINE M. LEVINE; EVELYN MARTINEZ; NICHOLAS TAYLOR; DR. BRIAN J. COLE; DR. RICHARD B. FOULKES, | ) |
| | ) |
| Defendants. | ) |

## ORDER

For the reasons set forth in the Statement below, the defendants' motions to dismiss [11] [29] [33] [35] are granted. The plaintiff's claims against defendants Granada, Levine, Martinez, and Cole are dismissed without prejudice. Given the plaintiff's failure to properly serve defendants Taylor and Foulkes during the allotted period [41], the claims against those defendants are likewise dismissed without prejudice. Fed. R. Civ. P. 4(m). The plaintiff is given leave to file an amended complaint by 3/24/25. If the plaintiff chooses to stand on the original complaint rather than amending, a dismissal with prejudice will be entered and a final judgment will be issued in favor of defendants Granada, Levine, Martinez, and Cole.

## STATEMENT

Jerome Pintaro, proceeding pro se, filed the instant suit in March 2023. Pending before the Court are four motions to dismiss Pintaro's complaint for failure to state a claim, one by each defendant that has been properly served (collectively, the "remaining defendants"). For the reasons that follow, those motions are granted, and Pintaro's claims against the remaining defendants are dismissed without prejudice.[1]

**I.    Background**

Pintaro's 16-page complaint provides little by way of factual background. As far as the Court can tell, this case stems from an injury suffered by Pintaro during his time working at the

---

[1] The complaint names six defendants, including Nicholas Taylor and Dr. Richard Foulkes. Dr. Foulkes was not served, however, and "[t]he summons that was returned executed as to Taylor appears to have been served on a different defendant, Levine." ECF No. 41. On July 11, 2023, Judge Durkin gave Pintaro "an additional 30 days to accomplish service on Taylor and [Dr.] Foulkes." *Id.* Pintaro did not timely comply with that order. Accordingly, Taylor and Dr. Foulkes are dismissed from this action without prejudice. Fed. R. Civ. P. 4(m).

warehouse of Pace Systems, Inc. ("Pace"). At some point, it seems, Pintaro appeared in arbitral proceedings before Gerald Granada, an arbitrator with the Illinois Worker's Compensation Commission; during those proceedings, attorney Catherine Levine represented Pace, Nicholas Taylor (a manager at Pace), and Evelyn Martinez (a claims adjuster at Cincinnati Insurance Company). Separately, either before or after the arbitration, Dr. Brian Cole caused damage to Pintaro's arm and shoulder (or arms and shoulders), and Dr. Richard Foulkes somehow injured Pintaro's left eye. Also separately, Taylor fired Pintaro from Pace without notice and allowed him to continue working, unpaid, for two weeks.

Based on the above facts—and *only* those facts—Pintaro alleges a conspiracy or conspiracies between the remaining defendants (Granada, Levine, Martinez, and Dr. Cole) and others.[2] The complaint discusses "a conspiracy pursuant to criminal solicitation of medical providers . . . to commit intentional medical malpractice and health care fraud," and it also describes a conspiracy led by Granada "to interfere with . . . Pintaro's civil rights . . . under color of law." Compl. 9-10, ECF No. 1 (quotation marks omitted); *see also id.* at 11-12 (noting that Granada, Taylor, Levine, and Martinez "are all alleged parties to a conspiracy" to deprive Pintaro of the "Rights, Privileges, and Immunities Guaranteed under the U.S. Constitution and the laws of the United States"). It is not clear whether Pintaro intended to allege two different conspiracies or one overarching conspiracy. And in any event, it is not clear (1) what civil rights the defendants conspired to violate, or (2) what actions they took to violate those rights.

Pintaro additionally alleges that at least Granada and Levine engaged in "intentional and malicious conspiratorial conduct, judicial fraud, obstruction of justice, forgery, extortion, racketeering, administrative legal malpractice, and criminal solicitation," *id.* at 8-9, and that Dr. Cole engaged in medical malpractice and extortion, *id.* at 12; *see also id.* at 9.[3] Among other relief, Pintaro seeks $2 million in compensatory damages (for medical expenses and lost wages) and $5 million in punitive damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1986.

## II.     Discussion

### A.     Motions to Dismiss

To survive a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a complaint "must give the defendant[s] fair notice of the basis for the claim[s], and it must be facially plausible."

---

[2] The complaint lists many purported co-conspirators not named as defendants—among them, judges and staff at the DuPage County 18th Judicial Circuit Court, various DuPage County employees, various parties and attorneys in state cases brought against Pintaro, and the defendants in a companion case, *Pintaro v. Orel*, No. 23-cv-01425 (N.D. Ill. dismissed Sept. 22, 2023). Nothing in the complaint explains how these individuals participated in the conspiracy among the named defendants. Indeed, the complaint simply names them as co-conspirators "in this conspiratorial, racketeer influenced corrupt organization," and as "[a]dditional co-conspirators party to this conspiracy." Compl. 10, ECF No. 1.

[3] According to Pintaro, Dr. Cole attempted to render him "unemployable" so that he had to "sell his principal residence." Compl. 12. Pintaro makes the same allegations as to Dr. Foulkes.

*Krupa v. Quinn*, 596 F. Supp. 3d 1127, 1135 (N.D. Ill. 2022).[4] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference" that the defendants are "liable for the misconduct alleged." *Id.* (quotation marks omitted).

As, perhaps, is evident from the summary above, Pintaro's complaint is deficient in both regards. That is because it pleads very little "factual content." *Id.* (quotation marks omitted). The complaint consists almost entirely of bare allegations and legal conclusions: "The defendants conspired to violate my civil rights, and some engaged in wrongdoing such as extortion" is essentially the "unadorned, the-defendant-unlawfully-harmed-me accusation" rejected as inadequate in *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Where the complaint does allege facts—for example, the fact of Pintaro's arm and shoulder injury or injuries—those facts do nothing to help the court "draw the reasonable inference" that the defendants were involved in a conspiracy or committed other legal wrongs. *Krupa*, 596 F. Supp. 3d at 1135 (quotation marks omitted). Nor do the facts alleged give the defendants "the notice to which [they are] entitled." *Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 820 (7th Cir. 2001). It would be challenging, if not impossible, to defend against claims of conspiracy and extortion (to name just two) without knowing what actions form the basis of those claims. *Cf.* Cole Mot. to Dismiss 2, ECF No. 29 ("Based on plaintiff's complaint, it is unclear exactly what legal cause of action is being asserted against Dr. Cole.").

In sum, Pintaro fails to "give enough detail[] about the subject-matter of the case" to (1) "present a story that holds together," or (2) put the defendants on notice of the wrongdoing of which they are accused.[5] *See W. Bend Mut. Ins. Co. v. Schumacher*, 844 F.3d 670, 675 (7th Cir. 2016) (quotation marks omitted); *Ryan v. Mary Immaculate Queen Ctr.*, 188 F.3d 857, 860 (7th Cir. 1999) (even bare notice requires "some minimum description of the . . . complained-of conduct"). Because the complaint does not "contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face," *Iqbal*, 556 U.S. at 678 (quotation marks

---

[4] Although Pintaro repeatedly cites *Conley v. Gibson* for the proposition that "a complaint should not be dismissed for failure to state a claim unless . . . the plaintiff can prove no set of facts in support of his claim," 355 U.S. 41, 45-46 (1957), the Supreme Court abrogated this standard (to the extent it ever governed) in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pintaro also repeatedly states, without support, that "Rule 12(b)(6) motions are rarely successful" as a "practical matter." *See, e.g.*, Resp. to Cole Mot. 2, ECF No. 37. But even if that observation were true, the general rate of 12(b)(6) success (or lack thereof) has no bearing on the adequacy of Pintaro's complaint.

[5] To the extent Pintaro alleges new facts in his "rambling" responses and sur-replies, Levine Reply 1 ¶ 1, ECF No. 46, those facts do not change this conclusion. It is true that a plaintiff may "supplement allegations in responding to a Rule 12(b)(6) motion." *U.S. SEC v. River N. Equity LLC*, 415 F. Supp. 3d 853, 857 (N.D. Ill. 2019); *see Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012). But he may only do so when "the supplemental allegations are consistent with the complaint," *River N. Equity*, 415 F. Supp. 3d at 857, and here the complaint contains no factual basis for the alleged wrongs to begin with. Regardless, the facts that Pintaro provides—more medical details, the failure of insurance (or other benefits) to cover a "second opinion" on his injury, and so on—fail to resolve the issues noted above. *See, e.g.*, Aff. in Supp. of Resp. to Martinez Mot. 1-6, ECF No. 26; Resp. to Cole Mot. 9-10.

3

omitted), and because it fails to provide the requisite notice to the defendants, the remaining defendants' motions to dismiss for failure to state a claim are granted.[6]

### B. Leave to Amend

Having granted the motions to dismiss, the only question remaining is whether the dismissal of Pintaro's complaint should be with or without prejudice. Although Fed. R. Civ. P. 15(a) "provides that a court should freely give leave to amend when justice so requires and favors amendment as a general matter," the rule "does not mandate that leave be granted in every case." *Knowlton v. City of Wauwatosa*, 119 F.4th 507, 519 (7th Cir. 2024) (cleaned up). As relevant here, denial of leave to amend (and dismissal with prejudice) is appropriate where amendment would be futile. *See, e.g., Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010).

It seems likely that amendment in this case would be futile. On review of the complaint and Pintaro's briefs, it is difficult to "discern any potential non-frivolous claims." *See Chandrasekaran v. United States*, No. 24-2675, 2025 WL 304532 (7th Cir. Jan. 27, 2025). The Court cannot imagine how an arbitrator, a lawyer, a claims adjuster, and a doctor, among others, plausibly conspired to deprive Pintaro of his civil rights (the apparent jurisdictional hook for all of Pintaro's claims). What is more, the Court does not see a path to alleging that any of the defendants subject to suit (1) acted under color of law, or (2) acted privately but conspired with those who did.[7] *See, e.g., Fairley v. Andrews*, 578 F.3d 518, 526 (7th Cir. 2009) (noting that § 1983 permits recovery against a state actor, and § 1985(3) permits recovery from a private actor who has conspired with a state actor); *Hicks v. Resol. Tr. Corp.*, 970 F.2d 378, 382 (7th Cir. 1992) ("[I]n the absence of a viable claim under § 1985(3), a § 1986 claim cannot exist."). Insofar as Granda acted under color of law in his capacity as an arbitrator, he is immune from suit based on that conduct. *Johnson v. Thompson-Smith*, 203 F. Supp. 3d 895, 902 (N.D. Ill. 2016) ("[A]bsolute immunity extends to all acts taken by arbitrators within the scope of their adjudicative duties, even those alleged to be malicious, irregular, or erroneous."), *aff'd*, 700 F. App'x 535 (7th Cir. 2017).

Still, the Seventh Circuit has made clear that courts "should grant leave to amend after granting a motion to dismiss" unless it is "*certain* from the face of the complaint that any amendment would be futile or otherwise unwarranted." *Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 519-20 (7th Cir. 2015) (quotation marks omitted); *see also id.* at 518 ("In light of the presumption in favor of giving plaintiffs at least one opportunity to amend, denying a plaintiff that opportunity carries a high risk of being deemed an abuse of

---

[6] Martinez moves to dismiss Pintaro's state law claims, to the extent he asserts any, under Fed. R. Civ. P. 12(b)(1). Because the Court has jurisdiction over any such claims under 28 U.S.C. § 1367(a), dismissing them for lack of subject-matter jurisdiction would be inappropriate. (The Court has jurisdiction over Pintaro's federal claims, which appear to stem from 42 U.S.C. §§ 1983, 1985, and 1986, under 28 U.S.C. §§ 1331 and 1343.) Nonetheless, even if Pintaro plausibly alleged violations of state law, the Court would dismiss his state law claims under 28 U.S.C. § 1367(c)(3) because he has failed to plausibly allege violations of federal law.

[7] Contrary to Pintaro's assertion, the fact that the "practice of medicine is a licensed [and regulated] profession" funded in part by the state does not render Dr. Cole a state actor. Resp. to Cole Mot. 6; *see, e.g., Blum v. Yaretsky*, 457 U.S. 991, 1011 (1982).

discretion." (citation omitted)). The Court cannot say with certainty that amendment would be futile, and so it dismisses Pintaro's complaint without prejudice and grants leave to amend.

Should Pintaro fail to timely amend his complaint, the Court will convert the dismissal to one with prejudice and enter judgment against the remaining defendants, thereby allowing Pintaro to pursue an appeal if he so chooses. Pintaro is advised that his amended complaint must cure the defects identified in this order.[8] If it does not, the Court will enter a dismissal with prejudice based on the reasoning above.

### III. Conclusion

For the foregoing reasons, the remaining defendants' motions to dismiss are granted. Pintaro's claims against the remaining defendants are dismissed without prejudice, and Pintaro is granted leave to amend within 30 days of this order. Pintaro's claims against defendants Taylor and Dr. Foulkes are dismissed without prejudice pursuant to Fed. R. Civ. P. 4(m).

Date: February 21, 2025

John J. Tharp, Jr.
United States District Judge

---

[8] It must, for example, allege facts or incidents sufficient to plausibly infer a conspiracy or other legal wrongdoing. And if it asserts claims under §§ 1983, 1985, or 1986, it must plausibly allege state action or a private conspiracy with state actors.